UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-172-TAV-CCS-1 |
| JONATHAN STEVENS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's pro se motion for compassionate release [Doc. 38]. Federal Defenders Services of Eastern Tennessee, Inc. has filed notice to the Court that the relevant documents in Defendant's case have been reviewed for relief eligibility and no additional pleadings will be filed at this time [Doc. 39]. The United States has filed its response in opposition [Doc. 40] arguing Defendant has not exhausted his administrative remedies. In light of Defendant's failure to meet the First Step Act's mandatory exhaustion requirement, Defendant's motion will be **DENIED without prejudice**.

### I. Background

On January 12, 2017, Defendant pleaded guilty to one count of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and one count of being

a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) [Docs. 22, 23]. On November 1, 2017, Defendant was sentenced to 144 months imprisonment consisting of 144 months as to Count 1 and 120 months as to Count 2 to run concurrently, followed by three (3) years of supervised release [Doc. 35].

## II. First Step Act

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense

or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . .

*Id.* Defendant's motion does not indicate what section he seeks relief under, but as Defendant is not at least 70 years of age, the Court will proceed under § 3582(c)(1)(A)(i).

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three

3

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**III. Analysis**

In addressing a motion for compassionate release, the Court first examines whether Defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this instance, Defendant claims to have sent a request to the warden of his facility before mailing his motion to the Court in October 2020 [Doc. 38], however, the Bureau of Prisons reports that it has no record of receiving any RIS (or "Reduction in Sentence") request for compassionate release from Defendant [Doc. 40-1]. The exhaustion requirement is mandatory and must be satisfied before Defendant seeks compassionate release from this Court. In the absence of such exhaustion, and in the absence of a waiver of that requirement by the government, Defendant's motion seeking compassionate relief must be **DENIED without prejudice**.

## IV. Conclusion

For the reasons discussed more fully above, Defendant's motion [Doc. 38] is **DENIED without prejudice**.

IT IS SO ORDERED.

                    s/ Thomas A. Varlan
                    UNITED STATES DISTRICT JUDGE